1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NOEMY CARDONA DE MEDRANO,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-2206-SP

**MEMORANDUM OPINION AND ORDER**

### I.

### PROCEEDINGS

On March 21, 2011, plaintiff Noemy Cardona De Medrano filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of her application for disability insurance benefits.  On March 28, 2011, the court issued its Case Management Order, setting forth, inter alia, a schedule for the preparation and filing of pleadings in this matter.  Defendant filed his Answer on October 7, 2011, and pursuant to the Case Management Order, plaintiff's portions of the Joint Stipulation were due on October 28, 2011.  On September 28, 2011, plaintiff's then-counsel filed a motion to withdraw as attorney of record, which the court granted in its

October 12, 2011 Order. The court further granted plaintiff until November 28, 2011 to retain counsel and prepare and deliver to defendant a draft of plaintiff's portions of the Joint Stipulation. *See* Oct. 12, 2011 Order. The October 12, 2011 Order also admonished plaintiff that failure to comply with the court's order may be grounds for dismissal of this action for failure to prosecute. *Id.* On December 15, 2011, defendant notified the court that plaintiff failed to provide defendant with her portions of the Joint Stipulation, as mandated by the court's October 12, 2011 Order.

On December 19, 2011, the court issued an Order to Show Cause ("OSC") directing plaintiff to show cause why this action should not be dismissed for failure to prosecute. OSC at 1-2. Plaintiff was informed that she may discharge the OSC by filing, not later than January 18, 2012, a written request for a reasonable extension of time for plaintiff to prepare and deliver a draft of her portions of the Joint Stipulation to defendant. *Id.* at 2. The court warned plaintiff that failure to respond to the OSC by January 18, 2012 may result in the dismissal of this action for failure to prosecute. *Id.* The court further reiterated its earlier warning that failure to prosecute this action in accordance with the Case Management Order and other court orders, may result in dismissal of this action for failure to prosecute. *Id.* To date, plaintiff has not filed any response to the OSC.

## II.

## DISCUSSION

It is well established that a district court may dismiss a plaintiff's action for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the

1    court).  But dismissal is a severe penalty and should be imposed only after

2    consideration of the relevant factors in favor of and against this extreme remedy.

3    *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (1986) (per curiam).

4         In determining whether to dismiss a case for failure to prosecute, a court must

5    weigh five factors: "(1) the public's interest in expeditious resolution of litigation;

6    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

7    (4) the public policy favoring disposition of cases on their merits[;] and (5) the

8    availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.

9    1988) (per curiam) (internal quotation marks and citation omitted).

10        In this case, both the first factor (public's interest in expeditious resolution of

11   litigation) and the second factor (the court's need to manage its docket) strongly

12   favor dismissal.  After plaintiff's counsel withdrew, on October 12, 2011 the court

13   granted plaintiff a thirty-day extension of time to submit her portions of the Joint

14   Stipulation.  Plaintiff failed to abide by the court's October 12, 2011 Order

15   requiring her to submit her portions of the Joint Stipulation by November 28, 2011.

16   The court then gave plaintiff another chance, issuing an OSC that gave plaintiff

17   until January 18, 2012 to file a request for more time to deliver her draft portions of

18   the Joint Stipulation to defendant's counsel.  Plaintiff also ignored the court's OSC,

19   filing nothing in response even though she was warned that failure to do so could

20   result in dismissal of this action.  It has now been over four months since plaintiff

21   filed anything in this action, despite the court's repeated orders for her to do so.

22   Plaintiff's noncompliance with the court's orders has "caused [this] action to come

23   to a complete halt, thereby allowing plaintiff[] to control the pace of the docket

24   rather than the Court."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)

25   (internal quotation marks and citation omitted).  Allowing her to continue to do so

26   would frustrate the public's interest in the expeditious resolution of litigation, as

27   well as the court's need to manage its own docket.  *See id.*

28        A rebuttable presumption of prejudice to defendants arises when a plaintiff

3

unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Plaintiff has provided the court with no explanation – much less a reasonable excuse – for her failure to timely submit either her portions of the Joint Stipulation or to timely respond to the OSC. *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay . . . ."). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to comply with the court's October 12, 2011 Order, and by failing to respond to the court's OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to move this case toward a disposition at a reasonable pace. Thus, even weighing the fourth factor, the balance still tilts in favor of dismissal.

Finally, the court attempted to avoid dismissal by: (1) advising plaintiff in its October 12, 2011 Order that failure to comply with the court's order may be grounds for dismissal of this action for failure to prosecute; and (2) advising plaintiff in its December 19, 2011 OSC that failure to respond to the OSC, or failure to prosecute this action in accordance with the Case Management Order and other court orders, may result in dismissal of this action for failure to prosecute. Plaintiff has not complied with the court's October 12, 2011 Order, has not responded to the December 19, 2011 OSC, and has not otherwise communicated with the court. The court notes that the instant action is being dismissed without prejudice, a significantly less drastic sanction than dismissal with prejudice. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the court finds that dismissal of this action is

4

1  warranted for failure to prosecute.

2  **III.**

3  **<u>ORDER</u>**

4      IT IS THEREFORE ORDERED that this action is hereby dismissed without

5  prejudice for failure to prosecute, and Judgment shall be entered accordingly.

6

7  Dated: February 1, 2012

8  _____

9                            SHERI PYM

10             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28